XAVIER BECERRA, State Bar No. 118517
Attorney General of California
DIANN SOKOLOFF, State Bar No. 161082
Supervising Deputy Attorney General
JULIANNE MOSSLER, State Bar No. 249743
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-1349
 Fax:  (510) 622-2270
 E-mail:  Julianne.Mossler@doj.ca.gov
*Attorneys for Defendants Gina Sanchez, Kimberly Kirchmeyer, and Lourdes Castro Ramirez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| **FULL CIRCLE OF LIVING AND DYING; BONNIE "AKHILA" MURPHY; DONNA PEIZER; PAMELA YAZELL; KAY HOGAN; JANAIA DONALDSON; and ROBIN MALLGREN,**<br><br>Plaintiffs,<br><br>v.<br><br>**GINA SANCHEZ, in her official capacity as Bureau Chief of the Cemetery and Funeral Bureau; KIMBERLY KIRCHMEYER, in her official capacity as Director of the Department of Consumer Affairs; and LOURDES CASTRO RAMIREZ in her official capacity as Secretary of the Business, Consumer, and Housing Agency,**<br><br>Defendants. | 2:20-CV-01306-KJM-KJN<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:           November 6, 2020<br>Time:          10:00 a.m.<br>Courtroom:  3, 15th Floor<br>Judge:         Hon. Kimberly J. Mueller<br>Trial Date:   TBD<br>Action Filed: June 30, 2020 |

Defendants Gina Sanchez, Kimberly Kirchmeyer, and Lourdes Castro Ramirez in their official capacities, by and through their counsel, respectfully submit the following memorandum of points and authorities in opposition to Plaintiffs' Motion for Preliminary Injunction.

///

# INTRODUCTION

Plaintiffs filed a Motion for Preliminary Injunction asking this Court to stop Defendants from exercising their lawful authority to protect California consumers from false and misleading advertising.[1]

This Court should deny Plaintiffs' Motion for Preliminary Injunction for several reasons. As an initial matter, as set out in Defendants' Motion to Dismiss, Plaintiffs' claims fail on the merits because this Court lacks subject matter jurisdiction, and Plaintiffs' claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Additionally, Plaintiffs' irreparable injury arguments are speculative in that Defendants have not taken and may never take enforcement action against Plaintiffs. Because Plaintiffs failed to exhaust their administrative remedies before filing this action and seeking this injunction, they are seeking an injunction against speculative and unspecified enforcement actions. Finally, this Court should not enjoin Defendants from enforcing laws requiring Plaintiffs to obtain a license before they can advertise and operate as a funeral establishment.

# BACKGROUND

On November 19, 2019, the Cemetery and Funeral Bureau (Bureau) issued a citation and order of abatement to Plaintiffs Full Circle of Living and Dying and Akhila Murphy because they advertised and operated as a funeral establishment without being licensed. (Ct. Dkt. No. 1[2] Compl., Exh. E.) Plaintiffs asked for and participated in an Informal Office Conference where they had the opportunity to present facts showing that they were not in violation of the law. (Ct. Dkt. No. 13 Request for Judicial Notice (RJN) Exhs. 6, 7.) After listening to Plaintiffs and considering all the facts, the Bureau affirmed and reissued the citation and order of abatement.

---

[1] The citation Plaintiffs received relates only to commercial speech and advertising, and Plaintiffs' unlicensed operation as a funeral establishment. To the extent that Plaintiffs seek an order permitting them to speak about matters not falling within state licensing laws, that is not an issue before this Court, and would constitute a request for an advisory opinion.

[2] The Court may properly take judicial notice of public records, including its own records and the records of other courts. Fed. R. Evid. 201(b), (d); *U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Pavone v. Citicorp Credit Services, Inc.*, 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997).

(Compl., Exh. F.)  No fines were levied in conjunction with the citation and order of abatement. (*Id*., Exhs. E, F.)

More than seven months after the citation was first issued, Plaintiffs filed this suit asserting violations of their right of free speech under the First Amendment and their right of due process under the Fourteenth Amendment.  Approximately one month later – more than eight months after the citation was issued – Plaintiffs filed their Motion for Preliminary Injunction.  (Ct. Dkt. No. 12.)  It will be nearly one year since the citation was issued before this Court hears Plaintiffs' Motion for Preliminary Injunction.  The Motion should be denied because Plaintiffs cannot make the showing necessary for the relief they request.

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary remedy never awarded as of a right." *Winter v. NRDC*, 555 U.S. 7, 24 (2008) (citation omitted).  The moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Id.* at 20.  When considering the four *Winter* factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (citation omitted). Showing the likelihood of success on the merits is a threshold question, and if Plaintiffs fail on this element, the Court need not consider the other three. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).  Here, Plaintiffs fail to show both that they are likely to succeed on the merits and that they will suffer irreparable harm absent a preliminary injunction.

## LEGAL ARGUMENT

**I.   PLAINTIFFS ARE NOT LIKELY TO SUCCEED ON THE MERITS BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION, THERE IS NO JUSTICIABLE CASE OR CONTROVERSY, AND THEIR CLAIMS DO NOT PRESENT A FEDERAL QUESTION.**

Plaintiffs do not have a reasonable likelihood of success on the merits in this case because the Court lacks subject matter jurisdiction.  Also, Plaintiffs' claims do not present a justiciable case or controversy, and their claims do not present federal questions for adjudication by this Court.  Defendants have already filed a motion to dismiss regarding these jurisdictional

1 deficiencies, which is scheduled to be heard by this Court simultaneously with Plaintiffs' motion
2 for preliminary injunction.  Defendants' motion to dismiss presents the reasons why Plaintiffs'
3 case fails, so only a summary of those arguments will be included here.

Proper exhaustion of administrative remedies "means that a grievant must use all steps the [agency] holds out, enabling the [agency] to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).  In this case, Plaintiffs abandoned the available administrative appeal process by withdrawing their request for a formal hearing—failing to exhaust their administrative remedies.  As a result, this Court is without jurisdiction to hear or decide this case, and it must be dismissed.

A fundamental obstacle to the Court's subject matter jurisdiction is that Plaintiffs have not, and cannot, present an actual Article III "case or controversy."  "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  Plaintiffs' claims for injunctive relief do not satisfy this requirement.

It is this Court's duty to dismiss an action whenever it is satisfied that there is no controversy within its jurisdiction. *Jackson v. Kuhn*, 254 F.2d 555, 559 (1954).  Here, Plaintiffs cast their claims under the First Amendment right to free speech, and Fourteenth Amendment right to due process.  But Plaintiffs do not and cannot allege facts showing a likelihood of substantial and immediate injury to their rights under either the First or Fourteenth Amendment.  Instead, all of Plaintiffs' claims rest on their speculative fears that they may, at some point, be subject to an enforcement action by the State of California.  Such conjectural claims cannot form an adequate basis for Plaintiffs' desired injunctive relief. *Los Angeles v. Lyons*, 461 U.S. at 111.

And because Plaintiffs failed to exhaust their administrative remedies, their claims are premature, and not ripe for adjudication.  The lack of ripeness requires dismissal of the complaint.

At best, Plaintiffs allege conjectural or hypothetical harm—a threat of future administrative actions—if they continue to advertise and act as an unlicensed funeral establishment by offering to prepare, arrange, and facilitate home funerals for a fee.  They have not suffered any injury in

fact as the Bureau's only enforcement action was a citation without a fine, and an order to obtain a license before advertising and operating as a funeral establishment. Plaintiffs' fear of the possibility of a future enforcement action against unlawful conduct is not a concrete and particularized injury. The lack of any pending action against Plaintiffs, or any "injury" caused by the Bureau's issuance of a citation without a fine, is fatal to Plaintiffs' ability to establish standing to invoke the subject matter jurisdiction of this Court. Therefore, on this additional basis, the complaint should be dismissed.

Plaintiffs also fail to present a justiciable federal question. Enforcement of lawful state regulations governing those who advertise or operate as funeral establishments within California is not a constitutional issue. Plaintiffs were not treated differently from any other individual or commercial enterprise that advertises or operates as a funeral establishment. And Plaintiffs have not been asked to do anything that similarly situated individuals are not asked to do. At most, this is a disagreement between Plaintiffs and a state agency regarding the interpretation and application of the Cemetery Act. Plaintiffs failed to present a substantial federal question sufficient to invoke the jurisdictional authority of an Article III court by failing to present specific allegations to support their free speech or due process claims. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) ("a suit may . . . be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").

Regarding Plaintiffs' First Amendment argument, advertising and providing funeral services while not licensed is both unlawful and misleading to the public, and therefore, properly subject to regulation by the Bureau. The Bureau acts within its realm of authority when it moves to regulate misleading commercial speech. *In re R.M.J.,* 455 U.S. 191, 203 (1982) ("'[i]n particular, commercial speech that is false or misleading is not entitled to First Amendment protection and "may be prohibited entirely"'"); *see also Edenfield v. Fane,* 507 U.S. 761, 768 (1993) [observing that "the State may ban commercial expression that is fraudulent or deceptive without further justification."] Because Plaintiffs are not licensed as a funeral establishment, the Bureau is authorized to order them to stop advertising and operating as a funeral establishment

5

1   until they comply with licensure requirements.

2   Plaintiffs also make due process claims in their complaint; however, they were afforded and
3   exercised their due process rights before choosing to abandon that process. (RJN Exh. 3). "In
4   general, parties claiming that their due process rights were violated must establish 'two distinct
5   elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a
6   denial of adequate procedural protections.'" *Haggard v. Curry*, 631 F.3d 931, 935 (9th Cir. 2010)
7   (*quoting McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002) (*quoting Brewster v. Bd. of
8   Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)) (internal quotation
9   marks omitted).) Plaintiffs exercised their due process rights when they requested a hearing to
10  appeal the citation. That they later chose to abandon their right to a hearing, has nothing to do
11  with Defendants, and certainly does not mean that Plaintiffs' rights were violated.

12  Plaintiffs also failed to establish further procedural requirements in their complaint. Under
13  42 U.S.C. § 1983, Plaintiffs must demonstrate that each Defendant personally participated in the
14  deprivation of their rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To make this
15  showing, Plaintiffs must present factual allegations sufficient to state a plausible claim for relief.
16  *Ashcroft*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). For
17  each Defendant named, Plaintiffs must show a causal link between the violation of their rights
18  and an action or omission by the Defendant. *Ashcroft*, 556 U.S. at 678; *Starr v. Baca*, 652 F.3d
19  1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

20  Finally, Plaintiffs failed to plead facts sufficient to support an official capacity complaint.
21  To pursue an official-capacity claim under 42 USC § 1983, the complaint must allege facts
22  showing that the governmental agency's policies or customs played a part in the violation of
23  federal law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citations omitted) (*quoting Polk
24  County v. Dodson*, 454 U.S. 312, 326 (1981); *Monell v. Dept. of Social Svs. NY*, 436 U.S. 658,
25  694 (1978) ("policy or custom" requirement applies to § 1983 claims "irrespective of whether the
26  relief sought is monetary or prospective")). There are three ways to meet this pleading
27  requirement: (1) by proving that an employee committed the alleged violation pursuant to a
28  "formal policy or longstanding practice or custom that constitutes the standard operating

6

procedure" of the government entity; (2) by establishing that the individual who committed the violation was an "official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy;" or (3) by proving that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (quotations and citations omitted). The complaint contains no facts indicating that Plaintiffs' rights were violated by any Bureau employee pursuant to a formal policy or longstanding practice or custom that constitutes the Bureau's standard operating procedure. Also absent are any facts suggesting that the individuals who issued the citation and/or participated in the informal hearing were officials "with final policy-making authority" within the Bureau, or that the citation itself "constituted an act of official governmental policy."

## II. PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEY WILL SUFFER IRREPARABLE HARM ABSENT AN INJUNCTIVE ORDER.

Plaintiffs failed to meet their burden to prove that they will suffer irreparable harm if their Motion for Preliminary Injunction is not granted. Plaintiffs' alleged free speech claim does not de facto satisfy this element. "The assertion of First Amendment rights does not automatically require a finding of irreparable injury, thus entitling a plaintiff to a preliminary injunction if he shows a likelihood of success on the merits." *Hohe v. Casey*, 868 F. 2d 69, 73 (3d Cir. 1989). It is "purposeful unconstitutional suppression of speech [that] constitutes irreparable harm for preliminary injunction purposes." *Tracy Rifle and Pistol LLC. v. Harris*, 118 F. Supp. 3d 1182, 1192 (E.D. Cal. 2015) (*quoting Goldie's Bookstore v. Superior Ct.*, 739 F.2d 466, 472 (9th Cir. 1984). The "direct penalization, as opposed to incidental inhibition, of First Amendment rights constitutes irreparable injury." *Tracy Rifle and Pistol LLC*, *supra*, 118 F. Supp. 3d at 1192, (*quoting Cate v. Oldham* 707 F.2d 1176, 1188 (11th Cir. 1983).)

Put starkly, Plaintiffs have no First Amendment protection to make misleading or deceptive commercial speech, and would not suffer irreparable harm from the Bureau suppressing such speech. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974). Plaintiffs have speculated, both in their motion here and in their complaint, that Defendants' enforcement of its citation

7

Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction  (2:20-CV-01306-KJM-KJN)

against Plaintiffs' advertisement for funeral services that require licensure prevents Plaintiffs' speech on any subject involving end-of-life care. (Ct. Dkt. No. 12-1 Pls.' Mot. Prelim. Inj. at 22:23 ("The Bureau has ordered Full Circle to cease advertising.")) The Bureau has taken no such enforcement action, and it is Plaintiffs' own failure to exhaust their administrative remedies before filing this case that has created their confusion. The Bureau has specific authority to regulate misleading commercial speech within the California cemetery and funeral domain. What Plaintiffs appear to request is that this Court enjoin the Bureau from acting on its authority regarding Plaintiffs' intended speech—before the Bureau has even taken an enforcement action against that purported speech.

Furthermore, Plaintiffs' earlier decision to withdraw from the administrative review process undermines their contention that timing is of the essence in granting this injunction. The Bureau issued the citation to Plaintiffs on or about November 19, 2019. (RJN Exh. 8.) After requesting and participating in an Informal Office Conference on December 17, 2019, and requesting a formal administrative hearing on January 22, 2020, Plaintiffs then withdrew that request four months later, on or about April 3, 2020. (RJN Exhs. 1, 3, 6, 8). By the time Plaintiffs' motion is heard by this Court, nearly a year will have passed from the issuance of the citation. For whatever reasons, Plaintiffs chose to delay review of the Bureau's enforcement action. That choice of delay is incompatible with the emergency nature of a preliminary injunction.

### III. PLAINTIFFS FAILED TO ALLEGE FACTS SHOWING THAT THE PUBLIC INTEREST WOULD BE ADVANCED BY THE INJUNCTION THEY SEEK, AND THAT THE BALANCE OF EQUITIES TIPS IN THEIR FAVOR.

As discussed above, Plaintiffs have not satisfied the first two *Winter* factors by alleging facts sufficient to show that they have a likelihood of success on the merits, or that they will suffer irreparable harm absent a preliminary injunction. *Winter*, *supra*, 555 U.S. at 20. Similarly, they failed to satisfy the remaining *Winter* factors by offering facts demonstrating that the balance of equities tips in their favor, or that the injunction they seek is in the public interest. *Id*. Instead, Plaintiffs speculate about an enforcement action that the Bureau has not taken, and falsely cast their proposed future advertising as "pure speech" rather than what it actually is – commercial advertisement. (Pls.' Mot. Prelim. Inj. at 25:4-13.)

When considering Plaintiffs' motion, the Court must consider "whether the public interest would be advanced or impaired by issuance of an injunction in any action in which the public interest is affected." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 677 (9th Cir. 1988) (citing *American Motorcyclist Assoc. v. Watt*, 714 F.2d 962, 967 (9th Cir. 1983)).  In this case, any public interest in Plaintiffs' free speech rights pales in comparison to the much greater public interest in Defendants' enforcement of laws and regulations preventing companies and organizations from disseminating misleading and incorrect information to consumers.

Similarly, Plaintiffs cannot demonstrate that the balance of equities tips in their favor.  An order granting Plaintiffs' motion would damage the public by permitting Plaintiffs to provide advice in areas where licensure is required.

An evaluation of the public interest and the balancing of equities both weigh against Plaintiffs' motion for preliminary injunction.  Because Plaintiffs have failed to make an adequate showing on any element necessary to support an order granting their requested relief, the motion for preliminary injunction must be denied.

## CONCLUSION

Plaintiffs' motion for preliminary injunction should be denied for the same reasons their complaint should be dismissed.  Because they failed to exhaust administrative remedies, Plaintiffs failed to establish that this Court has subject matter jurisdiction over the citation they received.

Plaintiffs failed to meet their burden of proof of any of the *Winter* factors, and their Motion for a Preliminary Injunction should be denied.  Plaintiffs failed to allege any facts demonstrating a likelihood of success on the merits of their claims, or that they will suffer irreparable harm absent a preliminary injunction.  Likewise, Plaintiffs offered no facts to tip the balance of equities

///
///
///
///
///
///

in their favor, or to show that the injunction they seek is in the public interest. For the reasons set out above, Plaintiffs' motion for a preliminary injunction must be denied.

Dated:  October 22, 2020                                 Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DIANN SOKOLOFF
Supervising Deputy Attorney General

JULIANNE MOSSLER
Deputy Attorney General
*Attorneys for Defendants Gina Sanchez, Kimberly Kirchmeyer, and Lourdes Castro Ramirez*

OK2020400656
91304594.docx