ROB BONTA, State Bar No. 202668
Attorney General of California
DIANN SOKOLOFF, State Bar No. 161082
Supervising Deputy Attorney General
JULIANNE MOSSLER, State Bar No. 243749
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-1349
 Fax:  (510) 622-2270
 E-mail:  Julianne.Mossler@doj.ca.gov
*Attorneys for Defendants Gina Sanchez, Kimberly Kirchmeyer, and Lourdes Castro Ramirez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **FULL CIRCLE OF LIVING AND DYING, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GINA SANCHEZ, et al.,**<br><br>Defendants. | 2:20-CV-01306-KJM-KJN<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: February 11, 2022<br>Time: 10:00 a.m.<br>Dept: 3, 15th Floor<br>Judge: The Honorable Kimberly J. Mueller<br>Trial Date: TBD<br>Action Filed: June 30, 2020 |

# TABLE OF CONTENTS

**Page**

Argument ............................................................................................................................. 1

    I.    Defendants are Entitled to Summary Judgment on Count III Because Plaintiffs Do Not Have a Due Process Right to Perform or Receive Unlicensed Services. .............................................................................................. 2

        A.    The Bureau's Enforcement of the Act's Licensure Requirements Meets the Rational Basis Test. ........................................................................ 3

        B.    The Fifth Circuit Decision in *St. Joseph Abbey v. Castille* Does Not Support Plaintiffs' Position. ...................................................................... 4

    II.    Defendants are Entitled to Summary Judgment on Count I Because the Bureau Does Not Regulate Pure Speech. ............................................................... 5

        A.    The Citation Concerned Unlicensed Activities, and Did Not Affect the Kind of Pre-Planning "Advice" that Full Circle Claims to Provide. ......................................................................................................... 5

        B.    The Bureau Does Not Regulate Pre-Planning Advice Unless it Involves "Pre-Need Contracts" and Requires Pre-Payment of Services. ....................................................................................................... 6

    III.    Defendants are Entitled to Judgment on Count II Because Full Circle and the Doula Plaintiffs Do Not Have a First Amendment Right to Advertise Services They are Not Licensed to Provide. ......................................................... 7

    IV.    Plaintiffs Have No Standing Because They were Not Injured by the Bureau's Enforcement Action and Cannot Show a Significant Threat of Future Harm. ........................................................................................................ 8

    V.    Secretary Castro Ramirez is Not a Proper Party in this Suit. ................................ 9

Conclusion ......................................................................................................................... 10

i

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*City of Arlington v. FCC*
    569 U.S. 290 (2013) ............................................................................................. 2, 7

*Clapper v. Amnesty Int'l USA*
    568 U.S. 398 (2013) ................................................................................................. 9

*Coalition to Defend Affirmative Action v. Brown*
    674 F.3d 1128 (9th Cir. 2012) ................................................................................ 10

*Diamond Multimedia Systems, Inc. v. Superior Court*
    19 Cal. 4th 1036 (1999) ........................................................................................... 4

*Florida Bar v. Went For It, Inc.*
    515 U.S. 618 (1995) ................................................................................................. 4

*Hoye v. City of Oakland*
    653 F.3d 835 (9th Cir. 2011) .................................................................................... 9

*IDK, Inc., v. Clark Cty.*
    836 F.2d 1185 (9th Cir. 1988) .................................................................................. 2

*Long v. Van de Kamp*
    961 F.2d 151 (9th Cir. 1992) .................................................................................... 9

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ............................................................................................. 8, 9

*Nat'l Org. for Women v. Scheidler*
    510 U.S. 249 (1994) ................................................................................................. 8

*National Audubon Soc'y Inc. v. Davis*
    307 F.3d 835 (9th Cir. 2002) .................................................................................. 10

*Roberts v. United States Jaycees*
    406 U.S. 609 (1984) ............................................................................................. 1, 2

*San Diego Gun Rights Comm. v. Reno*
    98 F.3d 1121 (9th Cir. 1996) ................................................................................ 8, 9

*Slidewaters LLC v. Wash. State Dep't. of Lab. & Indus.*
    4 F.4th 747 (9th Cir. 2021) ................................................................................... 1, 3

ii

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

# TABLE OF AUTHORITIES
## (continued)

Page

*St. Joseph Abbey v. Castille*
  712 F.3d 215 (5th Cir. 2013)..................................................................................... 4

*University of Texas v. Camenisch*
  451 U.S. 390 (1981).................................................................................................. 1

**STATUTES**

California Business and Professions Code
  § 145(a) ................................................................................................................ 1, 4
  § 7615..................................................................................................................... 1, 3
  § 7615(a) ............................................................................................................ 3, 4, 7
  § 7616......................................................................................................................... 3
  § 7616(a) ............................................................................................................ 3, 4, 7

California Government Code
  § 12850 .................................................................................................................... 10

**OTHER AUTHORITIES**

California Code of Regulations, Title 16
  § 1246........................................................................................................................ 8

iii

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

Defendants reply as follows to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. (ECF No. 41.)

**ARGUMENT**

Plaintiffs attempt to draw a false equivalency between the Constitution's protection of familial association belonging to families and friends caring for a deceased loved one, and the far lesser rights of a business such as Full Circle that requests payment in exchange for services involving the preparation of human remains for burial. (*See e.g.*, ECF No. 41, Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment (Pls.' Opp'n. MSJ) at 6:6-9, 15:16-19.) Although the Constitution protects "highly personal relationships" as a fundamental right, *Roberts v. United States Jaycees*, 406 U.S. 609, 619 (1984), "[t]he right to pursue a calling is not considered a fundamental right", *Slidewaters LLC v. Wash. State Dep't. of Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021). Plaintiffs' attempt to seize the same Constitutional footing as grieving families and friends should be rejected.

Plaintiffs' opposition also ignores the State's significant consumer protection and public health and safety concerns related to unlicensed activity (Cal Bus & Prof Code, § 145(a); ECF No. 34-4, Decl. Sanchez ¶¶ 5-7, 9, 18; ECF No. 34-5, Decl. Miller ¶ 3), and attempts to focus the Court's attention only on Full Circle's pre-planning advice activities as if those are the only services that it advertises or performs for customers. But in conceding that they handle human remains without having the training and qualifications required by the Act, Plaintiffs have already admitted that Full Circle and the Doula Plaintiffs perform services that compromise consumer protection and public health and safety. (Cal. Bus. & Prof. Code, § 7615; *see e.g.*, ECF No. 35-1, Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment (Pls.' MPA ISO MSJ) at 19:16-18 (washing, dressing, and moving human remains).) The Citation was addressed to these unlicensed services.

Additionally, Plaintiffs' opposition relies heavily on the findings in this Court's order granting the preliminary injunction. (ECF No. 41, Pls.' Opp'n. MSJ at 7:15-9:14.) But those findings were made before discovery was completed and before the full factual record was developed. As a result, the findings are not binding on summary judgment. *University of Texas*

1

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

*v. Camenisch*, 451 U.S. 390, 395 (1981).

The Bureau is responsible for enforcing the Act, and its interpretation of the Act is entitled to deference so long as it is reasonable: "[s]tatutory ambiguities will be resolved, within the bounds of reasonable interpretation, not by the courts but by the administering agency." *City of Arlington v. FCC*, 569 U.S. 290, 296 (2013). It is undisputed that the Bureau determined Full Circle was violating the Act by advertising and operating as an unlicensed funeral establishment when the Citation was issued on November 19, 2019. (ECF No. 41, Pls.' Opp'n. MSJ at 6:18-23.) In fact, Full Circle and the Doula Plaintiffs concede they were advertising and performing services that require licensure under the Act. (*See, e.g.*, ECF No. 35-1, Pls.' MPA ISO MSJ at 19:16-18.) There can be no question then, that the Bureau was authorized to issue the Citation and order Full Circle to cease its unlawful activity. (ECF No. 34-4, Decl. Sanchez Exh. B.)

The Bureau did not violate Plaintiffs' free speech or due process rights when it issued the Citation against Full Circle's unlicensed activities, and there is no evidence to show that Plaintiffs are at imminent risk of suffering a violation of their constitutional rights from the Bureau's enforcement actions. Defendants are entitled to summary judgment on all claims.

I. **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT III BECAUSE PLAINTIFFS DO NOT HAVE A DUE PROCESS RIGHT TO PERFORM OR RECEIVE UNLICENSED SERVICES.**

There is no dispute that home funerals are legal. Indeed, there is no statutory restriction on where a funeral may take place. It is also true that there is no express exception in the Act for home funeral services in which family members and friends engage in the activities of a funeral director, such as handling, washing or moving human remains. However, in enforcing the Act, the Bureau may refrain from enforcing licensure requirements against family members or their close friends who engage in such conduct, in light of the heightened constitutional protections provided to such persons—protections that are absent in the context of a business relationship.

The Fourteenth Amendment substantive due process provision protects "highly personal relationships" as a fundamental right. *Roberts*, 406 U.S. at 619. But the State may validly regulate *commercial conduct* that would be subject to protection if engaged in during the course of a family or other intimate relationship. *See IDK, Inc., v. Clark Cty.*, 836 F.2d 1185, 1193 (9th

2

1   Cir. 1988) (relationship between paid escort and client is not an intimate relationship protected by
2   substantive due process).  Full Circle and the Plaintiff Doulas are not providing their services to
3   family members or close friends, but to all others who retain their services.

   **A.   The Bureau's Enforcement of the Act's Licensure Requirements Meets the Rational Basis Test.**

6       Full Circle and the Doula Plaintiffs admit that they are still providing services that a
7   licensed funeral director provides when preparing human remains for burial or final disposition.
8   (Cal. Bus. & Prof. Code, § 7615(a); *see e.g.*, ECF No. 35-1, Pls.' MPA ISO MSJ at 19:16-18
9   (washing, dressing, and moving human remains).  Referring to these activities as "ceremonial" or
10  "educational" (ECF No. 41-2, Decl. Murphy ¶¶ 6, 7) does not alter the fact that they are
11  performed as part of the process of preparing human remains for burial or other disposition.  (Cal.
12  Bus. & Prof. Code, § 7615(a), 7616(a); *see* ECF No. 41-2, Decl. Murphy ¶¶ 6 and 29 "Often the
13  deceased is placed in a casket for transportation to a mortuary, burial site, or cremation facility
14  after a home funeral is finished.")
15      Approximately 100 years ago, the California Legislature determined that preparation of
16  human remains for burial should be regulated and subject to licensure.  (ECF. No. 42-3, Decl.
17  Mossler Exhs. B-E.)  That determination has not changed under the current version of the Act.
18  (Cal. Bus. & Prof. Code, §§ 7615, 7616.)  Therefore, the Bureau acted rationally when it issued a
19  Citation instructing Full Circle to cease its unlicensed activity.
20      "The proper test for judging the constitutionality of statutes regulating economic activity,"
21  such as engaging in employment, "is whether the legislation bears a rational relationship to a
22  legitimate state interest." *Slidewaters LLC*, 4 F.4th at 758 (quoting *Jackson Water Works, Inc. v.*
23  *Pub. Util. Comm'n*, 793 F.2d 1090, 1093–94 (9th Cir. 1986)).  Under this deferential standard,
24  Plaintiffs "must show that the state's actions are clearly arbitrary and unreasonable, having no
25  substantial relation to the public health, safety, morals or general welfare."  *Id*.  Plaintiffs have
26  failed to meet this test.
27      California has a compelling interest in protecting vulnerable consumers, and ensuring
28  public health and safety by regulating the funeral industry through enforcement of the Act.  *See*

3

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

*Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 625 (1995); *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 1064 (1999).  Plaintiffs failed to offer any evidence that the Bureau was arbitrary or unreasonable when it ordered Full Circle to cease its unlicensed activity, or that the Citation had no substantial relation to the public health, safety, and general welfare.

The Court should grant summary judgment to Defendants on Count III because the Act satisfies rational basis analysis.  Plaintiffs do not have a due process right to provide or receive services for which a license is required under the Act.

### B. The Fifth Circuit Decision in *St. Joseph Abbey v. Castille* Does Not Support Plaintiffs' Position.

Plaintiffs' reliance on the Fifth Circuit decision in *St. Joseph Abbey v. Castille*, 712 F.3d 215 (5th Cir. 2013) is misplaced.  The court in *St. Joseph Abbey* observed that the plaintiff monks "do little that equates to operating a funeral home." *Id.* at 224 n.46.  Here, in contrast, Full Circle and the Doula Plaintiffs admit that they perform many of the same tasks as licensed funeral directors. (Cal. Bus. & Prof. Code, §§ 7615(a), 7616(a); ECF No. 1, Compl., ¶¶ 70-72, 83-84; ECF No. 35-1, Pls.' MPA ISO MSJ 8:3-13, 19:14-17; ECF No. 34-2, SSUF Nos. 28, 29, 33; ECF No. 34-4, Decl. Sanchez ¶¶ 30, 31, 34.).

More importantly, the *St. Joseph* court held that the statute failed rational basis review because the *sole justification for the statute was economic protectionism*, and the State's asserted consumer protection rationale was belied by the actual structure of the law.  712 F.3d at 222-24.  Here, in contrast, Defendants have shown that the Act is justified by health and safety concerns as well as consumer protection concerns (Cal Bus & Prof Code, § 145(a); ECF No. 34-4, Decl. Sanchez ¶¶ 5-7, 9, 18; ECF No. 34-5, Decl. Miller ¶ 3), *none of which evidence Plaintiffs have rebutted*.

As the court in *St. Joseph Abbey* concluded, "rational basis review places no evidentiary burden on the government," but "plaintiffs may nonetheless negate a seeming plausible basis for the law by adducing evidence of irrationality." *Id*. at 223.  Plaintiffs failed to adduce any such evidence.  Accordingly, Defendants are entitled to summary judgment on Count III.

///

4

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

**II.     DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT I BECAUSE THE BUREAU DOES NOT REGULATE PURE SPEECH.**

In their opposition, Plaintiffs argue that restrictions on their right of pure speech are subject to strict scrutiny review. (ECF No. 41, Pls.' Opp'n. MSJ 7:6-9:14.) But other than their own mischaracterizations of the plain language in the Citation, Plaintiffs can point to no order, or any other communication from the Bureau, that can reasonably be read as a pure speech violation, or as they put it, a "blanket order to stop doing everything." (*Id*. at 8:9-10.) Strict scrutiny review only applies to a pure speech violation, and because there is no pure speech issue or violation in this case, strict scrutiny review does not apply.

Instead of identifying statutes or producing any Bureau policy that restricts their right to pure speech, Plaintiffs focus their arguments on a misunderstanding of testimony concerning provisions in the Act that regulate commercial activities. These statutes involve advice and planning in the form of *pre-need contracts and pre-payment of funeral services*. (ECF No. 41, Pls.' Opp'n. MSJ at 8:20-9:3.) As more specifically addressed in subsection C below, these statutes do not apply to Full Circle or the Doula Plaintiffs.

**A.     The Citation Concerned Unlicensed Activities, and Did Not Affect the Kind of Pre-Planning "Advice" that Full Circle Claims to Provide.**

Plaintiffs argue that the Bureau issued a "blanket cease and desist order" regulating Full Circle's advice services, and that the Bureau told Full Circle to "stop doing everything." (ECF No. 41, Pls.' Opp'n. MSJ at 7:13-16, 8:9-11.) This mischaracterizes the evidence in this case. The Citation did not order Full Circle to cease all activity, and did not even mention Full Circle's pre-planning services or advice to its clients.

Assuming that Plaintiffs' description of Full Circle's pre-planning advice services is accurate, those services do not come within the Act's licensing requirements, and therefore do not come within the scope of the Citation and order. (ECF No. 35-10, Exhibits to Rowes Declaration (Rowes Exhs.) Exh. F Sanchez Depo Testimony at 133:2-7, 134:5-11, 135:11-14.)[1]

---

[1] Complete transcripts of the Deposition of Gina Sanchez and the Deposition of Glenn Miller were submitted by Plaintiffs' counsel on November 19, 2021.

5

**B. The Bureau Does Not Regulate Pre-Planning Advice Unless it Involves "Pre-Need Contracts" and Requires Pre-Payment of Services.**

Plaintiffs cannot identify any language from the Citation, or any other communication from the Bureau, that directed Full Circle to stop providing advice. Instead, Plaintiffs mischaracterize the Bureau's deposition testimony about pre-need contracts to suggest that Full Circle's advice services may be regulated in the future.

Bureau Chief Sanchez explained in her deposition that the type of pre-planning activities the Bureau regulates involves "pre-need contracts" where funds are deposited with a funeral provider and intended to pre-pay for funeral services in the future. (ECF No. 35-10, Rowes Exhs., Exh. F Sanchez Depo Testimony at 131:8-24.) As Field Representative Miller explained in his deposition, under the Act, those funds must be safeguarded in a trust account or insurance policy so that they remain available when the need arises. (ECF No. 35-10, Rowes Exhs., Exh. C Miller Depo. Testimony at 57:4-15, 92:15-18.) Bureau Chief Sanchez testified that the Bureau does not regulate the kind of pre-planning that Full Circle describes in this case:

> [P]lanning your death care of where you want to be, what casket you want to be in, where and how you want to be cremated or buried, preplanning in and of itself, we all pay attorneys to do that all the time for our wills and putting things in trust. So that is not overseen by the Bureau.
>
> Now, if there is a contract that's – or whatever, an agreement, verbal or not, that the death doula's going to come in and supervise and direct the body in preparation for burial, transportation and final disposition, that's where it then starts falling under the lines of a funeral establishment. *If there are funds collected ahead of time for those specific goods and services, that's when it starts encroaching into that -- the pre-need statutes.*

(ECF No. 35-10, Rowes Exhs., Exh F Sanchez Depo. Testimony at 134:6-20, emphasis added.) Thus, unless Full Circle accepts pre-payment for future funeral services as part of its pre-planning advice services, it is not at risk of violating the Act's pre-need provisions.

There is no evidence that the Bureau attempted to regulate Full Circle's advice in the past, or that Full Circle is at risk of the Bureau's enforcement of the Act's pre-need provisions in the future. Because the Bureau never took any action to prohibit pure speech, Defendants are entitled to summary judgment on Count I.

///

6

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

**III. DEFENDANTS ARE ENTITLED TO JUDGMENT ON COUNT II BECAUSE FULL CIRCLE AND THE DOULA PLAINTIFFS DO NOT HAVE A FIRST AMENDMENT RIGHT TO ADVERTISE SERVICES THEY ARE NOT LICENSED TO PROVIDE.**

Plaintiffs' primary argument in opposition to Defendants' motion on Count II is that if Full Circle and the Doula Plaintiffs have a due process right to provide services that involve preparing human remains for burial, then their advertising offering those services is lawful, too. (ECF No. 41, Pls.' Opp'n. MSJ at 15:9-21.) As discussed in Section I above, Plaintiffs' due process claim fails. Thus, their argument that they are entitled to advertise services for which a license is required fails as well.

In their own motion for summary judgment, Full Circle and the Doula Plaintiffs admit that they are engaged in activities of washing, dressing, shrouding, and moving human remains. (ECF No. 35-1, Pls.' MPA ISO MSJ at 19:16-18.) There is no question that these activities fall firmly within the bounds of the Act's licensure requirements. (Cal. Bus. & Prof. Code, §§ 7615(a), 7616(a); ECF No. 34-5, Decl. Miller ¶ 6.) Plaintiffs do not, and cannot, dispute that Full Circle advertised those services on its website. (ECF No. 34-5, Decl. Miller Exh. A at CFB022-023, CFB026-027, CFB030.) Accordingly, Full Circle plainly violated the law by advertising services it was not licensed to provide.

The Bureau determined that Plaintiff Full Circle was engaged in unlicensed activities by advertising services that it was not licensed to perform, including arranging options for burial or cremation, preparing/filling out or obtaining legal and other necessary paperwork (including death certificates, permits for disposition, and cremation authorizations), and acting as a liaison to arrange transportation of the remains. (ECF No. 34-4, Decl. Sanchez Exh. B; ECF No. 34-5, Decl. Miller ¶ 6.) The investigation also revealed that Full Circle advertised the Doula Plaintiffs provide assistance in preparing the deceased for burial or other disposition by washing, dressing, shrouding, and casketing; they take steps to preserve the body by procuring and placing dry ice, and they providing oversight and guidance related to performing those tasks." (*Id.*) The Bureau's determination that these services require licensure was reasonable, and it is entitled to deference in this proceeding. *City of Arlington*, 569 U.S. at 296.

It makes no difference whether Full Circle and the Doula Plaintiffs admit to performing

7

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

every service identified in the Bureau's investigation that requires licensure. It is enough that they admit to performing some of them, including washing, dressing, and moving human remains. (ECF No. 35-1, Pls.' MPA ISO MSJ at 19:16-18.) Because Full Circle and the Doula Plaintiffs plainly violated the Act in engaging in this conduct, it follows that Full Circle's advertising of those service also violated the Act's prohibition against unlicensed activity.

> The bureau is authorized to issue citations containing orders of abatement and assessing administrative fines against unlicensed persons, partnerships, corporations, associations or other organizations who engage in any activity **including advertising** for which licensure by the bureau is required.

(Cal. Code Regs., tit. 16, § 1246 (emphasis added).) Therefore, the Bureau met the rational basis test when it issued a Citation instructing Full Circle to cease its unlicensed activity of advertising services it was not licensed to provide.

Plaintiffs' secondary argument seems to be that post-Citation changes to Full Circle's website cured the violations. (ECF No. 41-2, Decl. Murphy ¶¶ 11, 16, 17.) Whatever remedial measures Full Circle took after the Citation was issued do not invalidate the investigation's findings that Full Circle was engaged in unlicensed activity.

In short, Full Circle and the Doula Plaintiffs admit that they advertised services that require licensure. The Citation ordering them to cease such advertising did not violate their free speech rights. Defendants are entitled to summary judgment on Count II of the complaint.

**IV. PLAINTIFFS HAVE NO STANDING BECAUSE THEY WERE NOT INJURED BY THE BUREAU'S ENFORCEMENT ACTION AND CANNOT SHOW A SIGNIFICANT THREAT OF FUTURE HARM.**

Standing "represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 255 (1994) (*citing Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546-547 (1986)). In this case, the evidence presented in the parties' cross-motions for summary judgment establishes that Plaintiffs' Constitutional rights were not harmed by the Bureau's enforcement action, and Plaintiffs failed to "show a very significant threat of future harm." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *San Diego Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). As a result, Plaintiffs lack standing under Article III.

8

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

To meet the test for standing in federal court, each Plaintiff must show that: (1) she has personally suffered an "injury in fact;" (2) the injury is fairly traceable to the challenged action of defendants; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61 (citations and internal quotation marks omitted). And where, as here, Plaintiffs seek only declaratory and injunctive relief, there is a further requirement that they "show a very significant threat of future harm; it is insufficient for them to demonstrate only a past injury." *San Diego Gun Rights Comm.*, 98 F.3d at 1126.

The evidence shows that the Bureau acted lawfully when it issued the Citation instructing Full Circle to cease its unlicensed activities. Therefore, none of the Plaintiffs suffered an "injury in fact" that is traceable to Defendants' actions. *Lujan*, 504 U.S. at 560-61.

The only future harm Plaintiffs articulate is their unsupported fear that "[a]nother investigation would reach the same conclusion about unlicensed activity that resulted in the original citation and order of abatement." (ECF No. 41, Pls.' Opp'n. to MSJ at 18:25-26.) But unsupported speculation about future harm is insufficient to satisfy the requirements of Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401-402 (2013).

Plaintiffs' failure to identify a concrete future harm also means that their claims are not ripe for adjudication by this Court. The Ninth Circuit has "declined to entertain as-applied challenges that would require us to speculate as to prospective facts," because such challenges are not sufficiently ripe. *Hoye v. City of Oakland*, 653 F.3d 835, 859 (9th Cir. 2011) (citations omitted). This case should be dismissed because Plaintiffs do not have Article III standing and their claims are not ripe.

**V.   SECRETARY CASTRO RAMIREZ IS NOT A PROPER PARTY IN THIS SUIT.**

Plaintiffs insist that Secretary Castro Ramirez is a proper party to this suit (ECF No. 41, Pls.' Opp'n. MSJ 21:20-22:20), but she does not enforce the Act as a matter of law, and they cite to no interrogatory response, or deposition testimony, or even a document subject to judicial notice that establishes the necessary connection between Secretary Castro Ramirez and the Bureau's enforcement of the Act. *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992).

Secretary Castro Ramirez has "general supervision over" the executive officers of four

9

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

boards and seven department heads, including Director Kirchmeyer.  (Cal. Govt. Code, § 12850; https://www.bcsh.ca.gov/about/index.html.)  Director Kirchmeyer, in turn, oversees a department that is comprised of 38 boards and bureaus that are directly responsible for enforcing their respective laws, including the Bureau.  (https://www.dca.ca.gov/about_us/entities.shtml.)

The connection necessary for Plaintiffs to maintain suit against Secretary Castro Ramirez "'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.'"  *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (citation omitted); *see also*, *National Audubon Soc'y Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002), opinion amended on denial of reh'g, 312 F.3d 416 (9th Cir. 2002) (Secretary of Resources Agency lacked requisite connection to enforcement).  Here, the requisite connection between Secretary Castro Ramirez and the Bureau's enforcement of the Act is lacking and does not satisfy the Ninth Circuit's requirement of a "fairly direct" connection to enforcing the Act.  *Coalition to Defend Affirmative Action*, 674 F.3d at 1134.

## CONCLUSION

Defendants are entitled to summary judgment because Plaintiffs' Constitutional rights were not violated when the Bureau issued a Citation to stop Full Circle's unlicensed activity.

Dated:  December 10, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
DIANN SOKOLOFF
Supervising Deputy Attorney General

*Julianne Mossler*

JULIANNE MOSSLER
Deputy Attorney General
*Attorneys for Defendants Gina Sanchez, Kimberly Kirchmeyer, and Lourdes Castro Ramirez*

10

Defs.' Reply to Pls.' Oppn. to Defs.' Mot. Summ. J. (2:20-CV-01306-KJM-KJN)

# DECLARATION OF SERVICE

Case Name:  **Full Circle of Living and Dying v. Gina Sanchez, et al.**   No.  **2:20-CV-01306-KJM-KJN**

I hereby certify that on <u>December 10, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 10, 2021</u>, at Fremont, California.

| Noel Garcia | /s/ N Garcia |
|---|---|
| Declarant | Signature |