UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Full Circle of Living and Dying, et al., | No. 2:20-cv-01306-KJM-KJN |
| Plaintiffs, | ORDER GRANTING MOTION OF COMPASSION & CHOICES FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| Gina Sanchez, in her official capacity as Bureau Chief of the Cemetery and Funeral Bureau, et al., | |
| Defendants. | |

Third party moves for leave to file a brief as amicus curiae. ECF No. 33. Specifically, Compassion & Choices seeks leave to file a brief in support of plaintiffs' motion for summary judgment, ECF No. 34. The motion is unopposed. For the foregoing reasons, the court **grants the motion**.

I.   **BACKGROUND**

Plaintiff Full Circle of Living and Dying and its doulas offer advice, counseling and other services to families and loved ones of those who are dying. It is not a licensed funeral home, and the individual plaintiffs, Full Circle's doulas, are not licensed funeral directors. In November 2019, defendant California Cemetery and Funeral Bureau demanded the individual plaintiffs become licensed Funeral Directors and that Full Circle qualify as a Licensed Funeral Establishment, and that plaintiffs cease operations and advertising their services in the meantime;

1

the Bureau threatened fines and prosecution if they did not. Full Circle alleged this threat and the law on which the regulators rely violate their rights to freedom of speech and substantive due process under the Fifth and Fourteenth Amendments. On December 28, 2020, this court granted plaintiffs' motion for preliminary injunction and denied defendants' motion to dismiss. On November 19, 2021, plaintiffs and defendants filed cross-motions for summary judgment. Compassion & Choices also filed a motion for leave to file amicus brief. Defendants have not opposed this motion.

## II.   LEGAL STANDARD

The district court has broad discretion regarding the appointment of amici. *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982); *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) ("The privilege of being heard amicus rests solely within the discretion of the court" (citation omitted)). "An amicus brief should normally be allowed" when, among other considerations, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *N. Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)).

While "[h]istorically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another[,]" *CARE*, 54 F. Supp. 2d at 975, the Ninth Circuit has said "there is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *Hoptowit,* 682 F.2d at 1260 (upholding district court's appointment of amicus curiae, even though amicus entirely supported only one party's arguments).

## III.   DISCUSSION

Here, "Compassion & Choices is a non-profit organization whose mission is to improve end-of life care, expand end-of-life options, and empower everyone to chart their end-of-life journey." Mot. at 3. "Its services include educating the public about the importance of end-of-

life planning and about the range of end-of-life services available, advocating for expanded end-of-life options and medical practices that prioritize patients, and defending against efforts to restrict access to existing end-of life options." *Id.* Compassion & Choices seeks to "comment on the issues at stake in this litigation," primarily "whether death doulas should be regulated as funeral directors." *Id.*

The court finds Compassion & Choices' proposed brief provides helpful context about the unique role of death doulas, as well as a focused legal analysis as to why death doulas should not be subject to the same regulations as funeral homes or funeral directors. *See* Memorandum (ECF 33-1) at 5-16. Its brief is likely to assist the court in making a well-informed decision regarding the distinctions between the services provided by funeral homes or directors and death doulas, including those unaffiliated with Full Circle. *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved") (citation omitted).

Accordingly, the motion to file an amicus brief is **granted**.

### IV. CONCLUSION

The motion is **granted.**

This order resolves ECF No. 33.

IT IS SO ORDERED.

DATED: February 3, 2022.

CHIEF UNITED STATES DISTRICT JUDGE