**INSTITUTE FOR JUSTICE**
Jeffrey Rowes (admitted *pro hac vice*)
816 Congress Ave., Suite 960
Austin, TX 78701
(512) 480-5936
jrowes@ij.org

Benjamin A. Field (admitted *pro hac vice*)
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
bfield@ij.org

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Thomas V. Loran III (CA Bar No. 95255)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983-1865
thomas.loran@pillsburylaw.com

Derek M. Mayor (CA Bar No. 307171)
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4703
derek.mayor@pillsburylaw.com

*Attorneys for Plaintiffs Full Circle of Living and Dying; Bonnie "Akhila" Murphy; Donna Peizer; Pamela Yazell; Kay Hogan; Janaia Donaldson; and Robin Mallgren*

ROB BONTA
Attorney General of California
DIANN SOKOLOFF, State Bar No. 161082
Supervising Deputy Attorney General
JULIANNE MOSSLER, State Bar No. 249743
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1349
Fax: (510) 622-2270
E-mail: Julianne.Mossler@doj.ca.gov

*Attorneys for Defendants Gina Sanchez, Kimberly Kirchmeyer, and Lourdes Castro Ramirez*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULL CIRCLE OF LIVING AND DYING*, et al.,*<br><br>       *Plaintiffs,*<br>v.<br><br>GINA SANCHEZ in her official capacity as Bureau Chief of the Cemetery and Funeral Bureau, et al.,<br><br>       *Defendants*. | No. 2:20-cv-01306-KJM-KJN<br><br>**PERMANENT INJUNCTION** |

On January 24, 2023, the court entered an order on the parties' cross-motions for summary judgment. ECF No. 63. The order left open the question of whether the Cemetery and Funeral Bureau can cite Full Circle's doulas for acting as unlicensed funeral directors when they provide "hands-on" services. ECF No. 63 at 29:15-17, 31:28-32:2. That order directed the parties to meet and confer and then file a "joint proposed formal permanent injunction order" consistent with the court's summary-judgment ruling. *Id.* at 41. The parties filed their joint proposed permanent injunction on February 7, 2023. ECF No. 64. In accordance with the Summary-Judgment Order and the parties' proposed permanent injunction, the court hereby orders defendants Gina Sanchez, Kimberly Kirchmeyer and Castro Ramirez, in their official capacities, and all persons acting in concert with them, are permanently enjoined from enforcing the Cemetery and Funeral Act, Cal. Bus. & Prof. Code, Div. 3, Ch. 12, and Cal. Code. Regs. Title 16, § 1246, against plaintiffs as follows:

1. On the grounds that plaintiff Full Circle is acting as an unlicensed funeral establishment by moving, washing, bathing, dressing, shrouding, or repositioning human remains, or by procuring and placing cooling mechanisms around human remains.

2. On the grounds that Business and Professions Code section 7619.3 requires Full Circle's doulas, or plaintiffs Bonnie Murphy or Donna Peizer, to be employed by, or operate as sole proprietors of, a licensed funeral establishment to move, wash, bathe, dress, shroud, or reposition human remains, or to procure or place cooling mechanisms around human remains. This provision is not intended to enjoin the Bureau from citing plaintiffs for acting as unlicensed funeral directors by providing hands-on services, as that issue was not resolved by the Summary-Judgment Order.

3. On the grounds that plaintiffs Full Circle, Murphy, Peizer or other Full Circle doulas are providing free guidance or advice without a funeral establishment license or a funeral director license.

4. On the grounds that plaintiffs Full Circle, Murphy, Peizer or other Full Circle doulas are advertising, speaking about, or directing the movement, washing, bathing, dressing, shrouding, or repositioning of human remains, or procuring and placing cooling mechanisms around human remains, without a funeral establishment license.

5. On the grounds that Business and Professions Code section 7619.3 requires plaintiffs Murphy and Peizer, or Full Circle's doulas to be employed by, or operate as sole proprietors of, a licensed funeral establishment to advertise, speak about, or direct the movement, washing, bathing, dressing, shrouding, or repositioning of human remains, or procuring or placing cooling mechanisms around human remains.  This provision is not intended to enjoin the Bureau from citing plaintiffs for acting as unlicensed funeral directors by providing hands-on services, as that issue was not resolved by the Summary-Judgment Order.

6. On the grounds that plaintiffs Full Circle, Murphy, Peizer or other Full Circle doulas are selling or advertising individualized end-of-life plans that do not constitute a contract for preneed funeral arrangements pursuant to Business and Professions Code section 7735 without funeral establishment or funeral director licenses.

7. On the grounds that plaintiffs Full Circle, Murphy, Peizer or other Full Circle doulas are selling or advertising educational events about end-of-life planning without funeral establishment or funeral director licenses.

8. On the grounds that plaintiffs Full Circle, Murphy, Peizer or other Full Circle doulas are using language on the Full Circle website relating to caskets, but not casketing, without funeral establishment or funeral director licenses.

9. On the grounds that plaintiffs Full Circle, Murphy, Peizer or other Full Circle doulas are advertising using the revised language identified in ECF No. 63 section II.F.2.e without funeral establishment or funeral director licenses.

10. On the grounds that plaintiffs Full Circle, Murphy, Peizer or other Full Circle doulas are using the term "home funeral guide" without funeral establishment or funeral director licenses.

11. On the grounds that plaintiffs Full Circle, Murphy, Peizer or other Full Circle doulas are using disclaimers on the Full Circle website indicating that Full Circle is not a licensed funeral establishment without funeral establishment or funeral director licenses.

This court shall retain jurisdiction to enforce this Permanent Injunction.

IT IS SO ORDERED.

DATED: February 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE