UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Full Circle of Living and Dying, et al., | No. 2:20-cv-01306-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Gina Sanchez, et al., | |
| Defendants. | |

      The parties stipulate and request that the Final Pretrial Conference be conducted remotely. Stipulated Request at 2, ECF No. 68. As explained below, the court **denies** the request.

      The court strongly prefers in-person oral argument for its civil law and motion calendar. Attorneys appearing in person are often better prepared, more professional and answer the court's questions more thoroughly, without talking over others. Although the court has previously accepted stipulations for virtual appearance due to the exigencies of the COVID-19 pandemic, as the court has transitioned out of a state of emergency, the court has returned to many of its prior protocols. The court acknowledges that remote appearances can be useful, as they reduce cost and burden for parties. But the court will no longer routinely grant these requests. Virtual appearance is discouraged. Nevertheless, the court will consider requests for virtual appearance if supported by a showing of true hardship, such as health concerns or an unreasonable increase in litigation costs. Any requests to appear remotely at a hearing must be in writing, must either be

1

stipulated to or explain the other side's position and must be filed no later than seven calendar days in advance of the noticed hearing date. In the event a virtual appearance is approved, attorneys are expected to conduct themselves as if they were present in the courtroom: they must be in court attire and fully prepared to answer the court's questions.

In sum, the parties' request to appear remotely is **denied without prejudice**.

This order resolves ECF No. 68.

IT IS SO ORDERED.

DATED: July 10, 2023.

CHIEF UNITED STATES DISTRICT JUDGE