**INSTITUTE FOR JUSTICE**
Jeffrey Rowes (admitted *pro hac vice*)
816 Congress Ave., Suite 960
Austin, TX 78701
(512) 480-5936
jrowes@ij.org

Benjamin A. Field (admitted *pro hac vice*)
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
bfield@ij.org

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Thomas V. Loran III (CA Bar No. 95255)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983-1865
thomas.loran@pillsburylaw.com

Derek M. Mayor (CA Bar No. 307171)
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4703
derek.mayor@pillsburylaw.com

*Attorneys for Plaintiffs Full Circle of Living and Dying; Bonnie "Akhila" Murphy; Donna Peizer; Pamela Yazell; Kay Hogan; Janaia Donaldson; and Robin Mallgren*

ROB BONTA
Attorney General of California
DIANN SOKOLOFF, State Bar No. 161082
Supervising Deputy Attorney General
JULIANNE MOSSLER, State Bar No. 249743
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1349
Fax: (510) 622-2270
E-mail: Julianne.Mossler@doj.ca.gov

*Attorneys for Defendants Gina Sanchez, Kimberly Kirchmeyer, and Lourdes Castro Ramirez*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Full Circle of Living and Dying, et al.,<br><br>    *Plaintiffs*,<br>v.<br><br>Gina Sanchez in her official capacity as Bureau Chief of the Cemetery and Funeral Bureau, et al.,<br><br>    *Defendants*. | No. 2:20-cv-01306-KJM-KJN<br><br>**CONSENT ORDER** |

1. The court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the U.S. Constitution.

2. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391 because defendant officials of the State of California may be found within the District in Sacramento.

3. Plaintiffs have standing.

4. On January 24, 2023, the court entered an order on the parties' cross-motions for summary judgment, which granted judgment and a permanent injunction. Summ. J. Order, ECF No. 63.

5. The court entered a permanent injunction on February 13, 2023, reflecting the conclusions from the summary-judgment order and the parties' agreed language for the terms of the permanent injunction. Permanent Inj., ECF No. 65.

6. The parties agree that the summary-judgment order and permanent injunction shall remain in full effect as to all issues not reserved for trial. The parties do not intend to alter the court's order or permanent injunction, and they intend for the order and permanent injunction to remain fully enforceable by this court.

7. In its summary-judgment order, the court denied summary judgment to both parties and reserved for trial the issue of whether the Cemetery and Funeral Bureau can cite Full Circle's doulas for acting as unlicensed funeral directors when they provide "hands-on" services. Summ. J. Order at 29, 31–32. As reflected in the court's final pretrial order, that issue turned on two questions: "(1) whether Full Circle's doulas are subject to funeral-director licensure when they assist with home funerals, such as when they help wash, dress, reposition, and place a cooling mechanism (e.g., dry ice), around a body, and when they procure cooling mechanisms for families of the deceased; and (2) whether the United States Constitution permits requiring Full Circle's doulas to be licensed funeral directors to provide those services." Final Pretrial Order at 7, ECF No. 72.

8. The parties have reached a complete agreement as to the first question. None of Full Circle's hands-on activities described in paragraph 9 fall within the statutory requirements to

obtain a funeral-director license under Business and Professions Code § 7615, when performed consistent with the conditions described in paragraphs 9 and 10.  Thus, the Bureau (on behalf of all Defendants) has agreed that it will not cite or take other adverse action against Full Circle and its doulas for performing the hands-on activities described in paragraphs 9 and 10 without funeral-director licenses.  Nor will the Bureau cite Full Circle and its doulas for advertising the hands-on activities described in paragraphs 9 and 10, or for offering guidance about how to perform such activities.

9. Specifically, the parties agree that Full Circle and its doulas perform the following hands-on services, *see* Summ. J. Order at 21:

    a. Relocating or positioning the body of the deceased within a home;

    b. Washing the body;

    c. Dressing the body;

    d. Placing a cooling mechanism (e.g., dry ice) around the body; and

    e. Procuring cooling mechanisms for families of the deceased.

10. Defendants agree that these hands-on activities fall outside the scope of Business and Professions Code section 7615 under the following circumstances:

    a. The activities are performed to prepare for a funeral conducted at a home that is not a funeral establishment.

    b. The activities are performed at the direction of, or on behalf of, a person with the right to control the disposition of a decedent's remains pursuant to Health and Safety Code section 7100.

    c. Full Circle and its doulas do not otherwise prepare, direct, or supervise the burial or disposal of human remains.

11. Because the parties agree that the funeral-licensing statutes do not require Full Circle and its doulas to become individually licensed as funeral directors when performing activities consistent with paragraphs 9 and 10, the second question reserved for trial—does such a requirement violate the U.S. Constitution—is now moot.

12. The parties agree that defendants will pay plaintiffs $525,000, which resolves any claim for attorneys' fees. Defendants shall make such payment upon certification of the funds or approval by the California Department of Finance, on or before 120 days after entry of this order. If, however, payment has not been made within that time, defendants shall owe nothing pursuant to this paragraph and plaintiffs may move this court for an award of fees pursuant to 42 U.S.C. § 1988. Accordingly, the deadline for any fees motion is extended to 180 days from entry of this order, pursuant to Federal Rule of Civil Procedure 54(d)(2).

13. The parties stipulate, and the court agrees, that entry of this consent order fully resolves this case. The parties agree not to appeal the summary-judgment order, permanent injunction, entry of this consent order, or any other aspect of this action.

14. The court shall retain jurisdiction to monitor and enforce the terms of the parties' agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014).

15. This consent order constitutes a final judgment for the purposes of Rule 58 and terminates this case, except insofar as the court retains jurisdiction to enforce its terms.

IT IS SO ORDERED.

DATED: January 17, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE